LOTTINGER, Judge.
This is a slip and fall suit instituted by Charles William James against Safeco Insurance Company of America and its insured, Edgarde Rabel. From a judgment in favor of the defendants, plaintiff has appealed.
The record points out that David Nettles, III, rented an office suite in Dr. Edgarde Rabel’s building on Groom Road in Baton Rouge. On the day of the accident, March 14, 1974, plaintiff and Nettles happened to meet in a convenience store next to the office building. Nettles invited plaintiff over to see his new office but left the store ahead of plaintiff.
A drainage problem existed in the parking lot which was in front of the building. Water would constantly stand in the parking lot directly in front of the entrance to Nettles’ office, as well as in the corner of the parking lot nearest Nettles’ office. Dr. Rabel had on several occasions attempted to remedy and correct the situation. Because water was always in the parking lot, algae would form in the puddles of water.
Plaintiff contends that as he left the convenience store he had to walk around a retaining wall which separated the store from the office building and parking lot. As he crossed the parking lot he noticed a large puddle of water in the corner of the lot near Nettles’ office and in which Nettles’ truck was parked. Instead of going between the truck and the retaining wall, and thus walking through this puddle of water, he walked around the truck and attempted to cross a smaller puddle of water directly in front of the door to Nettles’ office. In attempting to cross this puddle, plaintiff stated that he placed one foot in the puddle and attempted to step across, but the algae at the bottom of the puddle created a slimy-slippery condition, and plaintiff’s foot slipped from under him, causing him to fall and sustain injuries. Plaintiff testified that the puddle he slipped in was from 3 to 4 feet in diameter, and that he did not notice the algae at the bottom of the puddle.
After plaintiff slipped and fell he went to Nettles’ office and told him what had happened. They both went out to view the puddle and observed what appeared to be a slip mark at the bottom of the puddle.
The Trial Judge found that the defendant was negligent in permitting this particular puddle to remain on his premises for such a period of time that algae formed. However, the Trial Judge also found that the plaintiff was contributorily negligent in failing to maintain a reasonable lookout, and in failing to see an obvious danger. In so holding, the Trial Judge said:
“The court was convinced by the photographs introduced into evidence that the puddle and the algae formation therein was open to view, was not a trap, and could have been observed by one maintaining a reasonable lookout for his own safety.
“Even assuming for the purposes of argument only that the puddle did extend throughout the entire length of the parking lot, the court must then conclude that plaintiff was negligent in the careless manner in which he attempted to traverse the puddle.”
From the evidence in the record it is obvious that there was an ample area to allow plaintiff to avoid this puddle, and thus injury to himself. We find no error on the part of the Trial Judge.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.